UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 3, 2024

LETTER TO ALL COUNSEL OF RECORD

Re: *Delores D. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
Civil No. 23-1170-CDA

Dear Counsel:

On May 3, 2023, Plaintiff Delores D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for benefits. ECF 1. This case was referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 14, 15). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on June 14, 2019, alleging a disability onset of June 10, 2014. Tr. 171–77. Plaintiff's claim was denied initially and on reconsideration. Tr. 87–91, 95–97. On May 5, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 31–63. Following the hearing, on October 18, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 8–25. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II. **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on May 3, 2023. ECF 1. Because Martin O'Malley became the Commissioner of Social Security on December 20, 2023, the Court substitutes Commissioner O'Malley as this case's Defendant. *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since June 14, 2019[.]" Tr. 13. At step two, the ALJ found that Plaintiff suffered from severe "[o]steoarthritis (back/left hip), spine disorders, foot deformity, and obesity (left leg edema)," and from non-severe hypertension. Tr. 13–14. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 14. The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except [she is] occasionally able to climb ramps or stairs, never able to climb ladders, ropes or scaffolds, kneel, crouch, or crawl, and occasionally able to balance and stoop. She is limited to frequent use of either lower extremity for pushing/pulling or operation of foot controls. The claimant must avoid concentrated exposure to extreme cold, heat, or humid conditions and avoid work at unprotected heights. She is able to use a cane or other hand-held assistive device for ambulation to and from the workstation or work area. The claimant is able to adjust position every 45 minutes while remaining at or near the workstation or work area.

Tr. 14–15. The ALJ found that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 19. The ALJ thus concluded that Plaintiff was not disabled. Tr. 20.

### III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

*Delores D. v. O'Malley*
Civil No. 23-1170-CDA
May 3, 2024
Page 3

**IV.     ANALYSIS**

Plaintiff argues that the ALJ's decision lacks the support of substantial evidence because the ALJ "failed to properly assess" Plaintiff's functional limitations as required by Social Security Ruling ("SSR") 96-8p. ECF 12, at 7–14. Plaintiff also contends that the ALJ erroneously assessed Plaintiff's subjective complaints. *Id.* at 15–16. Defendant acknowledges that "the ALJ may not have conducted an explicit function-by-function analysis" but contends that "it is apparent from the ALJ's discussion how the ALJ determined Plaintiff's capacity to perform the relevant functions" of sedentary work. ECF 14, at 8. Defendant further contends that the ALJ properly considered "Plaintiff's subjective complaints *and* other available evidence to determine the severity of Plaintiff's symptoms and limitations[.]" *Id.* at 13 (emphasis in original).

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Here, the ALJ evaluated the opinions of four sources who assessed Plaintiff's ability to sit. Dr. Gwen Dubois opined, among other things, that Plaintiff could sit for "less than 30 minutes," and Dr. Aaron Shim opined, among other things, that Plaintiff could "sit for less than two hours[.]" Tr. 18–19. The ALJ found both opinions unpersuasive. *See id.* The ALJ also rejected the opinions of Dr. Wyatt Beazley, III and Dr. Bert Spetzler, who limited Plaintiff to sitting for six hours in an eight-hour workday. Tr. 18, 70, 81. The ALJ found these opinions unpersuasive due to their inconsistency with the medical record, "which revealed at times [that] the claimant was in mild distress with painful range of motion in the left hip, left hip tenderness, swollen left ankle with tenderness, lumbar tenderness, waddling gait, and positive left leg raise." Tr. 18. Based on these findings, the ALJ limited Plaintiff to sedentary work. Tr. 14.

The Court agrees with Plaintiff that the ALJ's decision lacks the support of substantial evidence. A sedentary RFC "implies a capacity to sit for at least 6 hours in an 8-hour day[.]" *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984) (citation and italics omitted); *accord* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."). Here, the ALJ limited Plaintiff to sedentary work with no additional sitting limitations, *see* Tr. 14–15, but rejected two opinions that limited Plaintiff to sitting for six hours in an eight-hour workday, Tr. 18. The ALJ offered no explanation for this incongruity. Moreover, the ALJ provided no analysis (other than their rejection of the opinions discussed above) that would permit the Court to understand how they ultimately determined that Plaintiff

could perform the sitting requirements of sedentary work.[3]  Because the inconsistency between the ALJ's analysis and the RFC "frustrate[s] meaningful review" of the ALJ's decision, remand is "appropriate."  *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

Remand is further warranted because a proper RFC analysis may alter the sedentary-work determination reached in this case.  *See* SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996) ("If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded.").  On remand, the ALJ must explain how the evidence supports the ALJ's conclusion on Plaintiff's ability to sit during an eight-hour workday.  Because the Court remands on this basis, it need not address Plaintiff's other argument.  The ALJ is welcome to consider that argument on remand and to adjust their decision if warranted.  In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.


Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[3] The RFC assessment *does* state that Plaintiff "is able to adjust position every 45 minutes while remaining at or near the workstation or work area."  Tr. 15.  But the decision provides no insight into how this provision affects the length of time that Plaintiff must sit during a workday.  In fact, the ALJ appeared to suggest during the hearing that this provision may have minimal or no impact on the length of time that Plaintiff is required to sit.  *See* Tr. 56 ("[B]y adjusting position, I'm talking about either shifting from, you know, one side to the other, standing up and sitting back down, you know, standing up to stretch for a moment and sitting back down. . . . It would just be an adjustment to however they were situated previously.").